1 MCGREGOR W. SCOTT
United States Attorney
2 KATHLEEN A. SERVATIUS
Assistant United States Attorney
3 2500 Tulare Street, Suite 4401
Fresno, CA 93721
4 Telephone: (559) 497-4000
Facsimile: (559) 497-4099

6 Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>ANTONIO CASTELLANOS, ET. AL.<br><br>  Defendants. | CASE NO. 1:16-CR-00009 DAD-BAM<br><br>**STIPULATION TO CONTINUE TRIAL AND TRIAL CONFIRMATION AND ORDER THEREON**<br><br>Date: March 30, 2021<br>Time: 8:30 a.m.<br>Honorable Dale A. Drozd |

The United States of America, by and through MCGREGOR W. SCOTT, United States Attorney, and KATHLEEN A. SERVATIUS, Assistant United States Attorneys, and the defendants, by and through their respective attorneys of record, hereby stipulate to continue the trial in this case from March 30, 2021 until September 8, 2021 at 8:30 a.m. The parties' further request the current trial confirmation be continued until August 23, 2021 at 10:00 a.m., and that the defendants' pending motions *in limine* be continued to that as well.

On March 17, 2020, the Court entered General Order 611, which suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

On March 18, 2020, General Order 612 also issued. Pursuant to that Order, all of the courthouses in the Eastern District of California were closed to the public. The Order only allowed

1

persons with official court business or a healthy building tenant with official business on behalf of a tenant agency into the courthouse.  The Order further provided, among other things, that in criminal cases before district court judges, the assigned district court judge may continue matters after May 1, 2020, excluding time under the Speedy Trial Act with reference to Order 611 with additional findings to support the exclusion in the judge's discretion.  Clarification to Order 612 subsequently defined "persons having official court business" and it explained how media may still gain telephonic access to a particular court proceeding on behalf of the public.

On April 17, 2020, this Court issued General Order 617, which suspended all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allowed district judges to continue all criminal matters to a date after June 1.  General Order 618 continued the closure of the courthouses to members of the public without official business before the Court until further order, and also allowed district judges to continue criminal matters, excluding time under the Speedy Trial Act, referencing General Order 611, and the Ninth Circuit Judicial Council's Order declaring a judicial emergency in the district until May 2, 2021, suspending jury trials until further order, and ordering that any criminal matters that remain on calendar are to be conducted by telephone or video conference to the full extent possible, while allowing exceptions on a case-by-case basis.

The State has also continued to take action to combat the COVID-19 pandemic.  On March 19, 2020, the Governor for the State of California entered a state-wide shelter-in-place order, requiring everyone in the State to stay in their homes except for essential outings, such as to obtain food, prescriptions or healthcare services.  https://www.fmcsa.dot.gov/emergency/california-governor-newsom-shelter-place-executive-order-n33-20; https://www.cnn.com/2020/03/19/us/california-coronavirus-stay-home-order/index.html.  The state of California recently announced the gradual movement into Phase Two of responding to the COVID-19 pandemic, which allows certain lower-risk workplaces and other spaces to re-open. https://www.cdph.ca.gov/Programs/CID/DCDC/CDPH%20Document%20Library/COVID-19/SHO%20Order%205-7-2020.pdf.

Although General Orders 611, 612, 617 and 618 address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s]

2

substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as mandatory—General Orders 611, 612 and 617 require specific supplementation and the parties seek to provide that through this stipulation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

Other courts have further upheld Speedy Trial Act continuances in comparable circumstances to those that the United States is currently facing. The Fifth Circuit, for example, recognized that Hurricane Katrina-related continuances served the ends of justice. *United States v. Scott*, 245 Fed. App'x 391, 394 (5th Cir. 2007). The First Circuit was similarly untroubled by a continuance necessitated by "a paralyzing blizzard." *United States v. Richman*, 600 F.2d 286, 292, 293-94 (1st Cir. 1979). Courts also have allowed ends-of-justice continuances to accommodate personal emergencies

3

experienced by government attorneys, agents, and witnesses. *See, e.g.*, *United States v. Stallings*, 701 F. App'x 164, 170-71 (3d Cir. 2017) (prosecutor had "family emergency" requiring "out-of-state travel with no certain return date"); *United States v. Hale*, 685 F.3d 522, 533-36 (5th Cir. 2012) (primary case agent had "immediate and catastrophic family medical emergency"); *Richman*, 600 F.2d at 292, 294 (informant hospitalized). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

This Court also has "[b]road discretion" to grant continuances. *Morris v. Slappy*, 461 U.S. 1, 11 (1983). "Trial judges necessarily require a great deal of latitude in scheduling trials." *Id.* Under the Speedy Trial Act, the court may order a delay in a trial and exclude time "on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(A). The trial may be continued and time excluded if the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* The list of factors in Section 3161(h)(7)(B) for such a continuance and exclusion of time is non-exhaustive. 18 U.S.C. § 3161(h)(7)(B) (listing "[t]he factors, *among others*, which a judge shall consider …"). The Court may identify reasons beyond those listed, provided its findings are expressed on the record orally or in writing. *Id.*

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] In addition to the public health concerns cited by General Order 617, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because:

- The government's attorney has a medical condition that the CDC recognizes as one making her particularly vulnerable should she contract COVID-19. Vaccines are not yet available.
- The trial in this case cannot be conducted by videoconferencing (or telephone conferencing if videoconferencing is not reasonably available) pursuant to General Order 614 (CARES Act).

Based on the above-stated considerations, the ends of justice served by continuing the case as

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

4

requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

- In addition, given the restrictions in place at the jail for those who are detained, it is difficult for counsel to meet with and prepare for a trial.

The proposed trial date represents the earliest date that all counsel are available thereafter, taking into account counsels' schedules, defense counsels' commitments to other clients, and the need for preparation in the case and further investigation. The parties further believe that time should be excluded, in that failure to grant the requested case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny both the defendants and the government the reasonable time necessary for effective preparation, taking into account the parties' due diligence in prosecuting this case. 18 U.S.C. Section 3161(h)(7)(B)(iv). Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act. Therefore, the parties request that the Court exclude the time until the new trial date from calculations under the Speedy Trial Act.

Dated: March 4, 2021                        MCGREGOR W. SCOTT
                                            United States Attorney

                                            /s/ *Kathleen A. Servatius*
                                            KATHLEEN A. SERVATIUS
                                            Assistant United States Attorney

Dated:  March 4, 2021                       /s/ *Mark A. Broughton*
                                            Attorney for Antonio Castellanos

Dated:  March 4, 2021                       /s/ *E. Marshall Hodgkins, III*
                                            Attorney for Defendant Antonio Valencia-Hernandez

Dated:  March 4, 2021                       /s/ *Nicholas F.Reyes*
                                            Attorneys for Defendant Genero Serrato-Calles

Dated:  March 4, 2021                       /s/ *Oscar R. Swinton, Sr.*
                                            Attorneys for Defendant Jose Reyes-Pineda

Dated:  March 4, 2021                       /s/ *Richard A. Beshewate, Jr.*
                                            Attorneys for Defendant Norma Lizbet Garcia

Dated:  March 4, 2021                       /s/ *James R. Homola*
                                            Attorneys for Defendant Lorena Velasquez

# ORDER

IT IS HEREBY ORDERED that the trial in this case be continued from March 30, 2021 until September 8, 2021 at 8:30 a.m., the trial confirmation shall be continued to August 23, 2021 at 10:00, and that the defendants' pending motion *in limine* be continued to that date.

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 30, 2021, and September 8, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated: **March 5, 2021**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE